IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 19-cv-01164-DDD-KLM

BRAD LEVIN, an individual; and
LEVIN FOR ATTORNEY GENERAL, a Colorado nonprofit corporation,

    Plaintiffs,

v.

FIVE CORNERS STRATEGIES, LLC, a Massachusetts limited liability company;
TURNOUT STATEGIES, LLC, a Delaware limited liability company;
FRANK RIZZO, an individual;
THOMAS AHERN, an individual;
BEN KELAHAN, an individual;
IGNACIO BARRAGAN, an individual;
LISA BIANCO, an individual; and
BRANDON GAHMAN, an individual,

    Defendants.

## ORDER

This matter comes before the Court on review of the Motion to Remand to State Court (Doc. 15) filed by Plaintiffs Brad Levin and Levin for Attorney General. For the reasons set forth below, the Court **DENIES** Plaintiffs' motion.

### I.    BACKGROUND

On March 21, 2019, Plaintiffs brought this action in Colorado state court asserting contract, tort, and fraud claims against Defendants Five Corners Strategies, LLC; Turnout Strategies, LLC; Frank Rizzo; Thomas Ahern; Ben Kelahan; Ignacio Barragan; Lisa Bianco; and Brandon Gahman. Plaintiffs' claims

arise from Mr. Levin's unsuccessful campaign for Attorney General of Colorado during the 2018 campaign cycle. In particular, Plaintiffs' claims arise from Defendants' alleged failure to help Mr. Levin gain access to the Democratic primary ballot.

On April 19, 2019, Defendants Five Corners Strategies and Turnout Strategies ("the Corporate Defendants") filed a Notice of Removal on grounds of diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.) The Notice of Removal indicated that counsel for the Corporate Defendants also represented Defendants Rizzo, Ahern, Kelahan, and Gahman. In addition, the Notice of Removal confirmed that "undersigned counsel has also discussed this matter with counsel for the remaining defendants, Ignacio Barragan and Lisa Bianco, and . . . [c]ounsel for these remaining defendants have confirmed their clients consent to the removal of this action." (Doc. 1, ¶ 5.e.)

Plaintiffs subsequently filed the instant motion, arguing that the Notice of Removal is defective because none of the six individual defendants formally joined the Notice of Removal or filed their own consent to remove.[1]

---

[1]  Defendant Brandon Gahman, who had not yet been served with the Complaint at the time of the Corporate Defendants' Notice of Removal, filed his own timely Notice of Removal after he was formally served. In Mr. Gahman's Notice of Removal, his counsel indicated that he had conferred with all other defendants, and that all of them consented to removal. (Doc. 24, at ¶¶ 6(f)-(g)).

2

## II.   ANALYSIS

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This language was added in 2011, codifying the common law "rule of unanimity." *See Chicago, Rock Island & Pacific Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900).

The question presented by Plaintiffs' motion is whether section 1446(b)(2)(A) requires each defendant to file his or her own pleading independently joining in or consenting to a removal notice filed by another defendant. Plaintiffs insist that anything less is insufficient, while Defendants argue that a removal notice need only note, as the removal notice did here, that the other defendants in the case consent to the removal of the action. The Court agrees with Defendants.

Although the Tenth Circuit has not addressed this issue, the weight of authority supports the Defendants' position. For example, the Eighth Circuit held section 1446(b)(2)(A) to be satisfied where a removal notice stated that counsel for the removing defendant had conferred with counsel for the other co-defendants and that none of them objected. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187-88 (8th 2015). The Eighth Circuit reasoned that while amended section 1446 lays out in explicit detail the procedures for a notice of removal, including the form of the notice, the new language added to 1446(b)(2)(A) "did not describe the form of or time frame for consent when multiple defendants are involved." *Id.* at 1187. "Congress could have defined with equal specificity the form of or time for

consent but chose not to do so. Its failure to do so dissuades us from adopting a rule that places form over substance." *Id.* The *Griffioen* court further noted that the availability of Rule 11 sanctions and a codefendant's opportunity to advise the court of any misrepresentations are sufficient safeguards against fraudulent removal notices. *Id.*

The Fourth Circuit has also held that a removal notice confirming the consent of all other defendants satisfies the rule of unanimity. *Mayo v. Board of Ed.*, 713 F.3d 735 (4th Cir. 2013). Like the Eighth Circuit, the *Mayo* court noted the availability of Rule 11 sanctions to address any misrepresentations made in removal notices, and observed that non-signing attorneys are accountable to the court because "they will be before the court within days of the removal, signing papers and otherwise performing as officers of the court." *Id.* at 742. The court further observed: "The practice of having one attorney represent to the court the position of other parties in the case, with the intent that the court act on such representation, is quite common. The courts often receive motions representing that the opposing party consents to the motion, and courts have not traditionally required the other party to file a separate paper confirming that consent." *Id.*[2]

The Sixth Circuit and Ninth Circuit, addressing this issue prior to the 2011 amendments, also support Defendants' argument. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely

---

[2]  Although the *Mayo* court was addressing the pre-2011 version of section 1446, the court specifically noted that its analysis would be unchanged under the current statute. *Id.* at 741 n.1.

4

removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient."); *Harper v. AutoAlliance Int'l*, 392 F.3d 195, 201-02 (6th Cir. 2004) (same). And while the Tenth Circuit has not addressed this issue, other district courts in this Circuit have held that a statement in the removal notice will suffice. *E.g., Bruning v. City of Guthrie, Okla.*, 101 F. Supp. 3d 1142, 1144 (W.D. Okla. 2015) ("the better view, and that most likely to prevail if addressed by the higher appellate courts, is that most recently expressed by the Fourth Circuit [in *Mayo*]"); *Tresco, Inc. v. Continental Cas. Co.*, 727 F. Supp. 2d 1243, 1255 (D.N.M. 2010) (holding that a defendant's consent, relayed through another defendant's counsel, was sufficient).

The Court finds the foregoing decisions convincing and holds that the Corporate Defendants' Notice of Removal satisfied the requirements of section 1446 by noting the consent of the other defendants. First, the availability of sanctions is a sufficient deterrent to the filings of fraudulent removal notices. *See* 28 U.S.C. § 1446(a) (specifying that notices of removal are signed "pursuant to Rule 11"). Second, the Court agrees with the Eighth Circuit in *Mayo* that the lack of specificity in amended section 1446(b)(2)(A) describing the consent or joinder requirement, when compared with the specific detail provided in sections 1446(a) and (b)(1), counsels against insisting upon a particular form or format for defendants' consent. *Cf. National Fed'n of Ind. Bus. v. Sebelius*, 567 U.S. 519, 544 (2012) ("Where Congress uses certain language in one part of a statute and different language in another, it is presumed that Congress acts intentionally."). Third, in this district,

moving parties may represent motions as unopposed without the other parties having to burden the court's docket with their own confirming filings, and there is nothing in section 1446 that would require or even suggest deviating from this practice.

Plaintiffs point to contrary decisions of other circuits, but the Court finds those decisions unpersuasive. *See Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994); *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). First, all of those decisions addressed the pre-2011 version of section 1446. In *O'Donohue*, for example, the court stated that "[a] petition for removal fails unless all defendants join it," and to "'join' a motion is to support it in writing." 38 F.3d at 301. The current version of section 1446, however, uses the phrase "join in *or consent to* the removal of the action," and as the Fourth Circuit noted, parties routinely consent to motions without having to file their own independent pleading to that effect. *Mayo*, 713 F.3d at 742.

Second, the subject of the *Pietrangelo* decision was whether to adopt the "later-served rule," in which a later-served defendant may file a notice of removal and earlier-served defendants, who may have waived their right to independently seek removal, may nevertheless consent to the removal. 686 F.3d at 64-65. The Second Circuit formally adopted the rule, thus rejecting the plaintiff's argument on appeal that the defendants' removal was untimely. *Id.* at 65. In response to the plaintiff's argument that the consenting defendants had expressed their consent in

6

an untimely fashion, the court "agree[d] . . . that the remaining defendants must independently express their consent to removal." *Id.* at 66. That statement, however, was devoid of any analysis, and the Second Circuit has not revisited the question since the 2011 amendments to section 1446. Moreover, the court acknowledged that "we have not yet advised what form a consent to removal must take." *Id.*

Finally, in *Getty Oil Corp.*, the Fifth Circuit held in a footnote that a co-defendant's consent to removal requires an independent written confirmation of consent, because "[o]therwise, there would be nothing on the record to 'bind' the allegedly consenting defendant." 841 F.2d at 1262 n.11. On the contrary, as the *Mayo* court noted, non-signing attorneys are accountable to the court because "they will be before the court within days of the removal, signing papers and otherwise performing as officers of the court." 713 F.3d at 742. That is precisely what happened here, where attorneys for the two consenting defendants, Mr. Barragan and Ms. Bianco, have entered their appearances and signed pleadings in this Court.

Finally, Plaintiffs insist that a District of Colorado decision issued last year has settled this issue in their favor, and that the decision is binding on this Court. The decision they cite, *Centura Health Corp. v. Agnew*, 18-cv-00569-RBJ, 2018 WL 3454976 (D. Colo. Jul. 18, 2018), is distinguishable from the facts of the instant case.[3] In *Agnew*, one of the defendants filed a notice of removal that failed to state

---

[3]  Even if *Centura Health Corp. v. Agnew* were not distinguishable, this Court would not be bound by it. "[T]here is no such thing as 'the law of the district.'" *Garcia v. Tyson Foods, Inc.*, 534 F.3d 1320, 1329 (10th Cir. 2008) (quoting *Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991)).

7

the position of the other defendants, and neither of the other defendants indicated their consent until after the plaintiff had moved to remand—long after the applicable 30-day deadline. *Id.* at *2. The court rejected the other defendants' untimely attempt to cure the defective notice. *See id.* at *3. This Court therefore agrees with Defendants that the issue in *Agnew* was about the timeliness of the notice of removal, not the question presented in this case.

### III.   Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand to State Court (Doc. 15) is **DENIED**.

Dated: September 13, 2019.

BY THE COURT:

_____
Daniel D. Domenico
United States District Judge